# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>(Jointly Administered) |
| WOODBRIDGE LIQUIDATION TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT SHAPIRO, JERI SHAPIRO, 3X A CHARM, LLC, CARBONDALE BASALT OWNERS, LLC, DAVANA SHERMAN OAKS OWNERS, LLC, IN TREND STAGING, LLC, MIDLAND LOOP ENTERPRISES, LLC, SCHWARTZ MEDIA BUYING COMPANY, LLC and STOVER REAL ESTATE PARTNERS, LLC,<br><br>Defendants. | Adversary Proceeding<br>Case No. 19-51076 (JKS)<br><br>**Ref. Adv. Docket No. 29** |

## JUDGMENT BY DEFAULT AGAINST DEFENDANT SCHWARTZ MEDIA BUYING COMPANY, LLC

Upon the *Plaintiff's Motion for Default Judgment Against Defendant Schwartz Media Buying Company, LLC* (the "Motion") pursuant to Bankruptcy Rule 7055 for the entry of a judgment by default against defendant Schwartz Media Buying Company, LLC ("Defendant") with respect to the *First Amended Complaint For Avoidance and Recovery of Avoidable Transfers, Fraud, Aiding and Abetting Fraud, Unjust Enrichment, Breach of Fiduciary Duty, and the Sale of Unregistered Securities* [Adv. Docket No. 3] (the "Complaint")[2] and the *Entry of*

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 201 N. Brand Blvd., Suite M, Glendale, California 91203.

[2] Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the Complaint.

*Default* entered by the Clerk of Court [Adv. Docket No. 28]; and adequate notice of the Motion having been given and it appearing in the circumstances that no other or further notice is required; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and Defendant having failed to answer or otherwise respond to the Complaint within the applicable deadline; and the entry of a judgment by default being proper against Defendant; and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 7055(b)(2), judgment by default ("Judgment") shall be entered against Defendant with respect to all claims for relief asserted in the Complaint.

3. Judgment is awarded in favor of Plaintiff and against Defendant on the first claim for relief, (a) avoiding the 90 Day Transfers free and clear of any interest of Defendant Schwartz Media, (b) directing that the 90 Day Transfers be set aside, and (c) ordering Defendant Schwartz Media, jointly and severally, to pay to Plaintiff $2,400,000.

4. Judgment is awarded on the second and third claims for relief, (a) avoiding the Two Year Transfers free and clear of any claimed interest of Defendant Schwartz Media (b) directing that the Two Year Transfers be set aside, and (c) ordering Defendant Schwartz Media, jointly and severally, to pay to Plaintiff $18,401,351.

5. Judgment is awarded on the fourth and fifth claims for relief, (a) avoiding the Four Year Transfers free and clear of any claimed interest of Defendant Schwartz Media, (b) directing that the Four Year Transfers be set aside, (c) ordering Defendant Schwartz Media, jointly and severally, to pay to Plaintiff $20,689,247.36.

6. Judgment is awarded on the first, second, third, fourth and fifth claims for relief

disallowing any claims of Defendant Schwartz Media under Bankruptcy Code section 502(d), because Defendant Schwartz Media received preference payments under Bankruptcy Code section 547 and fraudulent transfers under Bankruptcy Code sections 544 and 548, those payments are avoidable under § 550, and Claimant has not repaid the amount of those avoidable payments.

7. Judgment is awarded on the sixth claim for relief, holding Defendant Schwartz Media jointly and severally liable for fraud, in an amount to be proven at trial.

8. Judgment is awarded on the seventh claim for relief, holding Defendant Schwartz Media jointly and severally liable for aiding and abetting fraud, in an amount to be proven at trial.

9. Judgment is awarded on the eighth claim for relief, holdings Defendant Schwartz Media jointly and severally liable for unjust enrichment, in an amount to be proven at trial.

10. Judgment is awarded on all claims for relief, awarding Plaintiff prejudgment interest as permitted by law, costs of suit, and such other and further relief as is just and proper.

11. The Plaintiff is authorized and empowered to take any and all actions necessary or appropriate to consummate, carry out, effectuate, or otherwise enforce the terms, conditions, and provisions of this Judgment.

12. The Clerk of Court is authorized and directed to take any action that is necessary and appropriate to give effect to this Judgment.

13. This Court shall retain jurisdiction and power over any and all matters arising from or related to the interpretation or implementation of this Judgment.

DOCS_DE:237863.3 94811/003